Carol P. **GIBBS**

v.

**SOUTHEASTERN INVESTMENT CORP.**

**Civ. No. H–86–565 (PCD).**

United States District Court,
D. Connecticut.

Feb. 4, 1987.

---

Philip L. Steele, Rogin, Nassau, Caplan, Lassman & Hirtle, Hartford, Conn., for plaintiff.

Constance L. Epstein, Howard, Kohn, Sprague, & FitzGerald, Hartford, Conn., for defendant.

**RULING ON MOTION FOR RECONSIDERATION**

DORSEY, District Judge.

Plaintiff, now joined by the Connecticut Attorney General as amicus curiae, seeks reconsideration of the prior dismissal of plaintiff's claims under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–110b. As the prior presentation of the issues was overly narrow, reconsideration is granted and, upon reconsideration, defendant's motion to dismiss Counts 1 through 10, in which CUTPA claims are alleged, is denied.

Plaintiff alleges ownership of a mobile home which had been placed on a lot rented from defendant. Plaintiff was evicted by defendant and claims resulting damages. In Counts 1–6 and 9–10, plaintiff asserts several violations of the mobile homeowner's bill of rights, specifically Conn. Gen.Stat. § 21–70(a) (requiring notice of a mobile homeowner's rights); § 21–79 (pre-

cluding restriction on mobile home owner's right to sell); § 21–80(b)(3)(B) (precluding summary process under certain circumstances); § 21–82(e) and (f) (specifying mobile home owner's rights to sell the home on the lot and right to have any ground for eviction in the rental agreement). These violations are alleged to constitute unfair acts or practices under CUTPA. In Counts 7 and 8, plaintiff alleges unfair acts in the form of misrepresentations and court actions on the part of defendant's attorney.

Defendant's motion to dismiss is based on *Mead v. Burns*, 199 Conn. 651, 509 A.2d 11 (1986), which is claimed to preclude a CUTPA claim based on acts solely directed to plaintiff and to require allegations of a general course of conduct by defendant, i.e., directed more broadly than just to plaintiff. There is thus presented a question of law, for if plaintiff cannot prevail, even if her factual allegations are presumed true, a dismissal is proper. Fed.R. Civ.P. 12(b)(6).

A muddied water is presented because of the manner in which the Connecticut legislature in CUTPA specified the right to seek redress on the basis of unfair acts. Congress adopted an "unfair acts and practices" law, 15 U.S.C. § 45(a)(1), but it did not provide for a private enforcement action. Enforcement was assigned to the Federal Trade Commission ("FTC"), which is charged principally with preserving fairness in interstate commerce and not with resolving purely individual disputes. The statute sought to prohibit unfair acts, acts which were adjudged unfair based on generally applicable criteria. *See FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244–45 n. 5, 92 S.Ct. 898, 905–06 n. 5, 31 L.Ed.2d 170 (1972).

Connecticut's legislature decided a similar prohibition was appropriate in Connecticut and, in 1973, enacted CUTPA, but it differed from the national Act. The Legislature adopted, in large measure, the language used by Congress, particularly in stating the prohibition in terms of "unfair and deceptive acts or practices." Conn. Gen.Stat. § 42–110b(a). Connecticut's

courts were directed for guidance to the "interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act. (15 U.S.C. § 45(a)(1)." Conn. Gen.Stat. § 42–110b(b)). This built in a conflict between the federal statute, which was directed against general courses of conduct, and the state statute, which used much the same prohibiting language, but which provided for private or individual enforcement actions. Conn.Gen.Stat. § 42–110g. The federal statute, directed toward prohibiting courses of action with broad national impact was appropriately couched in terms of "acts and practices." On the other hand, if one wanted to give an individual the right to sue, the prohibition could simply be described as any unfair or deceptive act. The plural would be unnecessary, for an act does not lose its wrongful quality by being repeated and acts which are repeated and interrelate become a practice.

In *Ivey, Barnum & O'Mara v. Indian Harbor Properties, Inc.*, 190 Conn. 528, 461 A.2d 1369 (1983), relying on an analysis of 15 U.S.C. § 45(a), FTC practices, and federal court holdings, the Connecticut Supreme Court held that CUTPA, as did the federal statute from which it was copied, authorized an action only if the wrong complained of adversely affected a public interest or brought about a public injury, i.e., a wrong with a broader impact than solely upon the claimant. *Id.* at 533–36, 461 A.2d 1369. That case was decided solely in relation to CUTPA, as the acts alleged to have been wrongful were claimed to be unfair solely by their nature and the circumstances of their commission and not by their proscription by any other statute. The Connecticut Legislature responded in 1984 by eliminating the necessity of proof of a public interest or public injury in any action under Conn.Gen.Stat. § 42–110g(a). *See* Public Act 84–468, § 2. However, the Legislature thereby left in effect an act which copies the federal statutes and uses language not intended by the Congress to create an individual cause of action to redress wrongs inflicted against an individu-

al. In effect, the amendment in Public Act 84–468, § 2, runs counter to the language copied from the national Act, which did not accommodate an individual enforcement action. The Legislature has thus failed to recognize, analyze, and resolve the incongruity of using language intended by Congress to create different rights than now seemingly is intended in CUTPA.

Plaintiff and the amicus claim that CUTPA does afford an individual the right to bring a CUTPA claim based on an act singularly directed to her and that *Mead v. Burns* does not dictate to the contrary. *Mead* may be distinguished as its requirement of a general course of action, for CUTPA relief was based on acts alleged to be unfair by reason of their proscription in the Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn.Gen.Stat. § 38–60, *et seq.* The particular violation asserted in *Mead*—unfair claim settlement practices— was held to require proof of general business practices, § 38–61(6). Since it states a public policy, which, if violated, might constitute an unfair practice, such violation is also actionable under CUTPA. *Mead* held that such a CUTPA violation, by reason of the language of CUIPA, required proof of a general course of conduct. *Mead,* 199 Conn. at 666, 509 A.2d 11. *Mead* was decided on the basis of the language of CUIPA and did not state the requirement generally as did *Ivey.* It was not necessary in *Mead* for the court to decide the requirements of CUTPA other than in relation to CUIPA and its analysis of the issues suggest that it did not do so.

Nor is defendant's position supported by reading *Mead* to apply where, as here, each statute invoked by plaintiff is not couched in language comparable to CUIPA. Defendant points to no similarity between Conn.Gen.Stat. §§ 21–70, 21–79, 21–80, 21–82 and 47a–21(i), on the one hand, and CUIPA, which would make the holding in *Mead* applicable to the claims alleged here. The language of these statutes reveals no comparability that would suggest, as *Mead* held CUIPA to require, a legislative intent to require a general course of action before CUTPA would apply.

As *Mead* does not require, generally, proof of a general course of conduct to sustain a CUTPA claim, and the statutes involved herein are not analogous to CUIPA such as to warrant the limited application of *Mead,* the controlling language is in § 42–110g. As amended by Public Act 484, § 2, that statute's language, construed in the context in which it was adopted and liberally interpreted to effectuate its remedial purpose (Conn.Gen.Stat. § 42–110b(d)), reflects an intent that an individual may maintain a private cause of action for a CUTPA violation on the basis of conduct which singularly impacts on the individual, without the necessity of the claim being based on a general course of conduct.

For the foregoing reasons, defendant's motion to dismiss Counts 1 through 10 is denied.

SO ORDERED.